**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| V. ) | Cr. No. 07-mj-258 |
| ) | |
| ) | |
| CHRISTOPHER ORLOSKI ) | |

**DEFENDANT'S MOTION FOR A STAY PENDING APPEAL OF
THE COURT'S MEMORANDUM OF MAY 21, 2008 ORDERING
THAT DEFENDANT BE INVOLUNTARILY MEDICATED WITH
ANTIPSYCHOTIC DRUGS TO RENDER HIM COMPETENT FOR TRIAL**

On May 21, 2008, the Magistrate Judge issued a Memorandum Opinion in which he granted the request of medical authorities from the Federal Medical Center at Butner, North Carolina that defendant Orloski be involuntarily medicated with antipsychotic medications in an attempt to render him competent for further court proceedings. The staff at Butner found Mr. Orloski incompetent and have diagnosed him as "Delusional Disorder, Mixed Type, (Grandiose, Persecutory). The opinion and order were issued after a hearing on January 29, 2008 pursuant to *Sell v. United States*, 539 U.S. 166 (2003).

Defendant Orloski filed a notice of appeal from the Magistrate's order on May 28, 2008.

I.   THE MAGISTRATE'S ORDER IS APPEALABLE

Here the Magistrate has allowed the involuntarily medication of defendant Orloski and required the submission of a protocol regard same. Whether or not the order here is a final order, it is certainly appealable under the "collateral order" doctrine. *United States v. Weissberger*, 951 F.2d 392, 396 (D.C. Cir. 1991).

II.   PETITIONER WILL SUFFER IRREPARABLE HARM WITHOUT A STAY

An order allowing a defendant to be forcibly medicated comes within the "collateral order" doctrine because "it would be of little value to [defendant] for this court to review his . . . claim after he ha been forcibly medicated and the trial has concluded." *United States v. Brandon*, 158 F.3d 947, 951 (6th Cir. 1998). The Magistrate's decision in the present case conclusively determined the issue of administering medication involuntarily, which is an important issue separate from the merits of the case, and the decision is effectively unreviewable on appeal from a final judgment.

If the Magistrate's order is not stayed pending appeal, Mr. Orloski will suffer irreparable injury. First, if he is medicated against his will, and if a reviewing court later decides that the forced medication was not justified, the invasion of his liberty, privacy and other potential constitutional interests cannot be remedied.. Additionally, starting and stopping the medication could be detrimental. Third, there is a substantial risk of side effects.

For the foregoing reasons, Mr. Orloski submits that a stay is necessary to avoid irreparable harm.

   III.   MR. ORLOSKI IS LIKELY TO SUCCEED ON THE MERITS

      A.   The Law Under *Sell*

We hereby incorporate our arguments made before the lower court. The *Sell* Court held that in determining whether *important* (emphasis in original) government interests are at stake so as to justify involuntary medicating a defendant, lower courts must consider the facts of the individual case, including whether the individual has been confined for a significant period of time. Here, for example, Mr. Orloski has been confined for over twelve months. A very rough calculation of his guidelines, depending upon whether any enhancements apply, suggest a sentencing range of

anywhere from 15 to 33 months.[1]

Secondly the lower court must conclude that the involuntary administration of medication will substantially likely render the defendant competent without side effects that will significantly interfere with his ability to assist counsel. The potential side effects of the medication are chronicled in the report. With respect to Haldol, the pychotropic of choice, side effects are reversible with the discontinuation of the medication, a result which seems to defeat the purpose of the involuntary medicating *ab initio*. Also, 15 percent of patients show Parkinsonian effects, which include muscle stiffness, rigidity, shuffling gait stooped posture, and a tremor. These conditions are not conducive to assisting counsel in the preparation of a defense. Moreover, treatment of these conditions with Cogentin also creates side effects, including blurred vision, dizziness, and constipation. Again, this case involves a bogus threat where no one was injured, and no hazardous material was utilized.

Thirdly, the lower court must find that the involuntarily medication procedure is necessary to further the governmental interests. If the court finds involuntary medication appropriate, it must also consider less intrusive procedures for administration, such as an order backed by contempt powers. The logic would seem to be that a defendant's cooperation, subject to the sword of contempt, may lessen any hostility or antagonism toward the provider and ease the process.

Finally, the lower court determines if the forced medication is medically appropriate. Again, the levels of success Again, the levels of success and the side effects, which have been alluded to earlier, are paramount.

For the foregoing reasons, and any others that may appear to the Court, Mr. Orloski asks that

---

[1] This calculation is based upon a base offense level of twelve, with a possible enhancement of 4 points, and a criminal history category of III.

the Magistrate's order be stayed.

                                    Respectfully submitted,

                                    A.J. Kramer

                                    Federal Public Defender

By: _____/s/_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Christopher Orloski
DC Bar #214171
625 Indiana Avenue, NW, #550
Washington, DC 20004
202/208-7500
Fax/208-7515 or 501-3928