UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-MJ-258-AK |
| | : | |
| v. | : | VIOLATIONS: 18 U.S.C. § 1038 |
| | : | (False Information and Hoaxes) |
| CHRISTOPHER ORLOSKI | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A STAY PENDING APPEAL OF THE COURT'S MEMORANDUM OF MAY 21, 2008 ORDERING THAT THE DEFENDANT BE INVOLUNTARILY MEDICATED WITH ANTIPSYCHOTIC DRUGS TO RENDER HIM COMPETENT FOR TRIAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court deny the defendant's motion for a stay pending appeal of Magistrate Judge John M. Facciola's Memorandum Opinion of May 21, 2008 (Memorandum Opinion) ordering that the defendant be involuntarily medicated with antipsychotic medication to render him competent for trial. As discussed below, the Court should deny the motion for a stay as moot given that: 1) the defendant voluntarily consented to the administration of the antipsychotic medication following the issuance of the Memorandum Opinion and 2) the defendant, who is reacting well to the medication based on reviews by supervising medical staff, has informed his medical staff, after being advised of the stay request filed by his defense counsel, that he is opposed to the issuance of such a stay and would like to continue to take the medication. In further support of the government's request for the denial of the stay motion, the government states as follows:

1. The defendant was arrested and charged with a violation of 18 U.S.C. § 1038,

based on his unlawful activities on or about May 27, 2007.[1]

    2.      Following the defendant's arraignment and, by order dated June 11, 2007, Magistrate Judge Facciola ordered competency restoration and treatment, pursuant to 18 U.S.C. § 4241. On July 2, 2007, Mr. Orloski was admitted to the Mental Health Department of the Federal Medical Center (FMC) in Butner, North Carolina.

    3.      Since Mr. Orloski arrived at FMC-Butner, Mr. Orloski was seen individually by Jason Cohen, M.A., Psychological Intern, and supervised by Carlton Pyant, Ph.D, Staff Psychologist. Psychiatric consultation was provided by Mark Cheltenham, M.D., Staff Psychiatrist. Report at 2.[2] Other members of the FMC-Butner forensic team, correctional, and mental health staff also had the opportunity to observe Mr. Orloski since his arrival. Id. Assessment procedures were conducted for Mr. Orloski's evaluation, including clinical interviews, behavioral observations, and a July 2, 2007 physical examination.

    4.      On November 19, 2007, a report was issued by FMC-Butner – which was signed by Mr. Cohen, Dr. Pyant, and Dr. Cheltenham – opining that Mr. Orloski was not competent to proceed to trial and that he should be involuntary medicated with psychotropic medications to restore his competency to proceed to trial, consistent with the Supreme Court's decision in Sell v.

---

[1] A description of Mr. Orloski's actions giving rise to his arrest and the charge before the Court is set forth in the Amended Complaint, dated June 1, 2007, and the Government's Brief in Support of Its Request for an Order to Involuntarily Medicate the Defendant to Restore His Competency for Trial, dated February 12, 2008.

[2] "Report at ___" refers to the page number of the November 19, 2007 report prepared by the medical staff of FMC-Butner in response to Magistrate Judge Facciola's request for a competency restoration study of Mr. Orloski. This Report was admitted as evidence during the hearing held by Magistrate Judge Facciola on January 29, 2007, to address the government's request to involuntary medicated the defendant. Hearing Transcript at page 4 (subsequently cited, herein, as "TR at ___").

United States. Report at 20-21. The conclusions in this Report were based on the totality of the observations and evaluations by the FMC-Butner personnel of Mr. Orloski and documents relating to Mr. Orloski. Report at 1-2.

     5.     On January 29, 2008, a hearing was held before Magistrate Judge Facciola on the government's request for Magistrate Judge Facciola to issue an order for the defendant to submit to the involuntary administration of antipsychotic medications to restore his competency. At this hearing, Drs. Pyant and Cheltenham testified for the government and were qualified as experts in their respective fields of forensic psychology and psychiatry. TR at 6, 43. Mr. Orloski testified on his own behalf, without cross-examination. TR at 65. Following this hearing, Magistrate Judge Facciola requested briefing from both parties to address the involuntary medication of Mr. Orloski. TR at 76.

     6.     Following such briefing, Magistrate Judge Facciola issued his Memorandum Opinion, ordering that the defendant be involuntarily medicated on grounds that, among other things: 1) the defendant's behavior and statements clearly indicate that he has paranoid delusions which preclude him from rationally applying factual knowledge to his case; 2) there is a substantial probability that the defendant can be rendered competent if he is treated with psychotropic medication, but the defendant has refused to take any such medication; 3) without such medication, it is substantially unlikely that the defendant will ever become competent; 4) treatment with such medication is the accepted and appropriate treatment for an individual, such as the defendant, with the diagnosis of Delusional Disorder, Mixed Type; 5) psychiatric and psychological studies summarized in the Report indicate that treatment with psychotropic medication is efficacious in restoring competency; 6) other alternatives to such medication, such

as psychotherapy, have little hope of success because the defendant lacks all insight into his mental illness; and 7) while there are potential side effects to the medication to be involuntarily administered, none would have any impact on the defendant's ability to communicate with his attorney or participate in the trial. Memorandum Opinion at pages 3-4, 9 (internal citations omitted).

7. In his Memorandum Opinion, Magistrate Judge Facciola also directed the government, in consultation with the FMC, to provide him with a detailed order within 10 days that set forth the protocol which FMC planned to follow in medicating the defendant involuntarily.

8. On May 28, 2008, defense counsel Shawn Moore filed a notice of appeal of Magistrate Judge Facciola's order permitting the involuntary medication of the defendant.

9. On June 4, 2008, the government submitted the protocol requested in the Memorandum Opinion. This protocol was developed by Dr. Cheltenham, in consultation with other FMC personnel, following a review of the defendant's individual treatment needs.

10. On June 6, 2008, Magistrate Judge Facciola authorized the use of this protocol in involuntarily medicating the defendant. FMC subsequently began to medicate the defendant consistent with the terms of that protocol.

11. On June 20, 2008, the defendant filed a document with the Court entitled, "Defendant's Pro Se Response to Court's Order/AUSA Email," in which the defendant states, among other things, that "On 2008JUN12, after being informed of the Court's June 2008 order, defendant voluntarily consented in writing to psychotropic medication (olanzapine) (Zyprexa) by signing the FMC atypical antipsychotic medication consent form. Defendant inquired regarding

the content of the treatment plan; Dr. Cheltenham and Dr. Carlton Trent Pyant stated that medication was the only therapy considered (proposed) and that psychotherapy was excluded from the proposed plan." Defendant's <u>Pro Se</u> Response to Court's Order/AUSA Email at page 1 (Listed as entry number 31 on this Court's docket report).

12. On June 22, 2008, defense counsel Shawn Moore, on behalf of the defendant, filed "Defendant's Motion for a Stay Pending Appeal of the Court's Memorandum of May 21, 2008 Ordering that Defendant be Involuntarily Medicated with Antipsychotic Drugs to Render Him Competent for Trial."

13. In preparation for the government's response to this motion to stay, undersigned government counsel conferred with Dr. Cheltenham. Dr. Cheltenham informed government counsel that: 1) when the defendant was informed by FMC staff of the motion filed by his counsel to stay the administration of his antipsychotic medication, the defendant said that he was opposed to such a stay and would like to continue taking his medication; and 2) consistent with the representations in the defendant's June 20, 2008 <u>pro se</u> filing, the defendant did, in fact, voluntarily consent to the administration of such medication after he was informed of the May 21, 2008 Memorandum Opinion. Dr. Cheltenham further informed undersigned government counsel that the defendant was doing well on the antipsychotic medication, which consisted of a low dose of olanzepine (Zyprexa). In particular, the defendant was experiencing: 1) a noticeable decrease in delusions, 2) an improvement in his ability to interact with others, and 3) an improvement in mood and appetite. In addition, there were no detected side-effects from the administration of the antipsychotic medication. Moreover, Dr. Cheltenham stated that he would prepare a separate report for the Court to memorialize these findings and this report would be

ready for submission to the Court on or about June 26, 2008.

14. In preparation for the government's response, undersigned government counsel also spoke with defense counsel Shawn Moore about the defendant's consent to the administration of the antipsychotropic medication following the issuance of the Memorandum Opinion. Mr. Moore informed undersigned government counsel that he was not aware of such consent at the time that he filed the motion to stay and concurred with the government's position that the defendant's consent would effectively moot the motion to stay. Undersigned government counsel also subsequently informed, by voicemail message, defense counsel Shawn Moore of the additional information later learned from Dr. Cheltenham regarding the defendant's progress while on the medication and the defendant's desire to continue on that medication.

15. Accordingly, the government respectfully requests that the Court deny the motion for a stay as moot given that: 1) the defendant voluntarily consented to the administration of the antipsychotic medication following the issuance of the Memorandum Opinion and 2) the defendant, who is reacting well to the medication according to supervising medical staff, has informed his medical staff, after being advised of the stay request, that he is opposed to the issuance of such a stay and would like to continue to take the medication.

## CONCLUSION

For the foregoing reasons, the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court deny the defendant's motion for a stay pending appeal of the Memorandum Opinion ordering that defendant be involuntarily medicated with antipsychotic medication to render him competent for trial.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:         /s/
OPHER SHWEIKI
Assistant United States Attorney
Bar No. 458776
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822
Opher.Shweiki@usdoj.gov